UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------X
ANASTASIA BOLBAT,

                                                                          **COMPLAINT**

                Plaintiff,

        -against
NEW YORK COSMETICS CORP,
ROBERT REZAK,
ANTHONY GABRIEL

                Defendants.
-------------------------------------------------------------------------X

      Plaintiff ANASTASIA BOLBAT, by and through her attorneys, the Naydenskiy Law Firm, LLC, as and for her Complaint against NEW YORK COSMETICS CORP, ROBERT REZAK, and ANTHONY GABRIEL (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

      1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (ii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*; (iii) the full payment provision of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; and (iv) any other claim(s) that can be inferred from the facts set forth herein.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey state law.

3. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

4. Plaintiff is a resident of New Jersey.

5. At all relevant times, Plaintiff was an "employee" and a "person" entitled to protection as defined by the FLSA, NJWHL and NJWPL.

6. At all relevant times, Defendant NEW YORK COSMETICS CORP is and was a domestic business corporation with its principal place of business located at 90 Dayton Ave Building 10, Passaic, NJ 07055.

7. At all relevant times, Defendant NEW YORK COSMETICS CORP was subject to the requirements of the FLSA because it had annual gross revenues of at least $500,000 and was engaged in interstate commerce.

8. At all relevant times, Defendant NEW YORK COSMETICS CORP was an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

9. Upon information and belief, Defendant ROBERT REZAK is and was a resident of New Jersey.

10. Upon information and belief, Defendant ANTHONY GABRIEL is and was a resident of New Jersey.

11. At all relevant times, Defendant ROBERT REZAK is and was an owner and/or officer

2

of the corporate defendant and had the authority to determine what wages were paid to Plaintiff and all other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions and scheduling decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

12. At all relevant times, Defendant ANTHONY GABRIEL was an executive of the corporate defendant and was active in the day to day management of the corporate defendant, including being responsible for determining what wages were paid to Plaintiff and all other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions and scheduling decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

## STATEMENT OF FACTS

13. Defendants sell/sold cosmetics to retailers, with offices located at 90 Dayton Ave Building 10, Passaic, NJ 07055.

14. Defendants employed Plaintiff as an "account executive" in or about February 19, 2024, and until in or about October 2024.

15. Throughout her employment, Plaintiff regularly worked over 40 hours per work week.

16. Plaintiff was scheduled to work Monday through Thursday 9:30am-6:30pm and Friday 9:30am-2:30pm.

17. In addition to her regular schedule, at least four times per week, during her drive home, Plaintiff was required to text, speak on the phone, or check messages from Anthony Gabriel for

approximately one and a half hours each day.

18. Plaintiff was also required to work an additional 2–3 hours in the evenings on weekdays, and approximately 3 hours on both Saturdays and Sundays.

19. Plaintiff was paid an annual salary of $68,000 plus commission.

20. Throughout her employment, Defendants failed to pay Plaintiff any overtime premium for hours worked over forty in a workweek and failed to compensate her for all hours worked. Although Plaintiff was paid a salary plus commission, Defendants did not pay her the required overtime rate of one and one-half times her regular hourly rate for hours worked over forty per week, in violation of the FLSA, NJWHL, and NJWPL. Moreover, Plaintiff was not paid all the commission she had earned before her termination.

**FIRST CLAIM FOR RELIEF**

**(UNPAID OVERTIME UNDER THE FLSA)**

21. Plaintiff repeats, reiterates, and re-alleges every allegation set forth above with the same force and effect as if more fully set forth herein.

22. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

23. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff worked for Defendants and was an employee within the meaning of the FLSA.

24. As also described above, Plaintiff worked in excess of forty hours during her workweeks, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

25. Defendants willfully violated the FLSA.

4

26. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

27. Based on the foregoing, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rates of pay or the minimum wage, whichever is greater.

28. Based on the foregoing, Plaintiff is also entitled to liquidated damages, attorneys' fees, and her costs and disbursements in this action for Defendants' violations of the FLSA.

## SECOND CLAIM FOR RELIEF
## (UNPAID OVERTIME UNDER THE NJWHL)

29. Plaintiff repeats, reiterates, and re-alleges every allegation set forth above with the same force and effect as if fully set forth herein.

30. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the applicable minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff worked for Defendants and was an employee within the meaning of the NJWHL.

32. As also described above, Plaintiff worked in excess of forty hours during his workweeks, yet the Defendants failed to compensate her in accordance with the NJWHL's overtime provisions.

33. Defendants willfully violated the NJWHL.

34. Based on the foregoing, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay or the applicable minimum wage rate, whichever is greater.

35. Based on the foregoing, Plaintiff is also entitled to liquidated damages, interest as permitted by law, attorneys' fees, and her costs and disbursements in this action for Defendants' violations of the NJWHL.

### THIRD CLAIM FOR RELIEF
### (FAILURE TO PAY FULL AMOUNT OF WAGES UNDER THE NJWPL)

36. Plaintiff repeats, reiterates, and re-alleges every allegation set forth above with the same force and effect as if more fully set forth herein.

37. NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer."

38. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff worked for Defendants and was an employee within the meaning of the NJWPL.

39. As also described above, Plaintiff worked in excess of forty hours during his workweeks, yet the Defendants paid Plaintiff a salary rate of pay for all of her hours worked and failed to pay Plaintiff all commission earned and the required overtime premium for all hours worked beyond forty per week, and, as a result, Plaintiff has not been paid the full amount of wages due to her.

40. Defendants' actions were in willful violation of the NJWPL.

41. Based on the foregoing, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay or the applicable minimum wage rate, whichever is greater.

42. Based on the foregoing, Plaintiff is also entitled to liquidated damages, interest as permitted by law, and attorneys' fees for Defendants' violations of the NJWPL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Issuance of a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned FLSA and New Jersey laws;

c. Awarding all damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid overtime wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

d. Awarding liquidated damages as recoverable by applicable law;

e. Awarding reasonable attorneys' fees with respect to the prosecution of this action;

f. Awarding costs and disbursements incurred in connection with this action;

g. Awarding pre- and post-judgment interest as permitted by law; and h. Granting such other and further relief as this Court deems just and proper.


Dated: April 13, 2026

*Gennadiy Naydenskiy*
Gennadiy Naydenskiy (GN5600)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224
*Attorney for Plaintiff*