**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANASTASIA BOLBAT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NEW YORK COSMETICS CORP, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-4237 (EP)(JSA)**<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for an Initial Scheduling Conference via Videoconference pursuant to Rule 16 of the Federal Rules of Civil Procedure on August 19, 2026; and for good cause shown:

**IT IS on this 19th day of August 2026,**

**ORDERED THAT:**

## I. DISCLOSURES

1. The parties shall exchange Fed. R. Civ. P. 26 initial disclosures **on or before August 26, 2026.**

2. Disclosure of Third-Party Litigation Funding, if applicable, pursuant to Local Civil Rule 7.1.1, shall be done **[N/A].**

## II. E-DISCOVERY CONFERENCE

3. The parties shall timely conduct, if needed, an E-Discovery conference, pursuant to L. Civ. R. 26.1(d).

## III. DISCOVERY

4. Fact discovery shall remain open through **March 8, 2027**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5. The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts, and requests for production of documents **on or before September 10, 2026**, to be responded to **within thirty (30) days of receipt**.

6. Excluding Fed. R. Civ. P. 30(b)(6) and expert witness depositions, the parties may take a maximum of **ten (10)** fact depositions per side subject to the parties' stipulation to conduct more. A party must obtain leave of court before taking any additional depositions.

7. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. See Fed. R. Civ. P. 30(c)(2).

8. To the extent applicable, the parties should confer and reach agreement on any electronically stored information ("ESI") protocols. Further, if appropriate, the parties will meet and confer regarding ESI preservation consistent with Fed. R. Civ. P. 26.1(d) and if appropriate, enter into a proposed Stipulation and Order for collection and production of ESI **[N/A].**

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall submit a letter, not to exceed three (3) double-spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve any such dispute. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs and without prior leave of Court.

10. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court **not later than thirty (30) days before the fact discovery deadline**. **The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date**. If an unresolved dispute arises at a deposition, then the parties must contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

11. The parties should confer and submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), on or before **[N/A].**

## IV. DISCOVERY CONFIDENTIALITY ORDERS

12. **On or before September 17, 2026,** the parties shall submit either a proposed Discovery Confidentiality Order ("DCO") or a joint letter, addressing their respective positions regarding whether entry of a DCO is necessary. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

13. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery. Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## V. FUTURE CONFERENCES

14. The Court will conduct a **Telephone Status Conference on November 2, 2026, at 11:00 a.m.**, and the parties are directed to **dial 1-855-244-8681 and then Access Code 23024029552#** at the time of the Conference. **On or before October 26, 2026,** the parties shall provide the Court with a joint status letter, setting forth the status of completing fact discovery and any settlement discussions.

15. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

16. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

17. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

18. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI. MOTIONS

19. Any motions for leave to amend the pleadings and/or add or join parties shall be filed **on or before October 22, 2026**. Any such motion must include, as an exhibit in support of the motion, a black-lined or red-lined version of the proposed amended pleading that shows any changes. The Court may administratively terminate any motion that does not include such an exhibit. Service of process shall be effectuated in accordance with the Federal Rules of Civil Procedure. The parties may seek to extend the deadline for filing such motions.

20. Motions to seal must comply with Local Civil Rule 5.3.

21. No dispositive motions are permitted unless leave of Court is first obtained, except for motions under Fed. R. Civ. P. 12(b) or motions to remand.

## VII. EXPERTS

22. All affirmative expert reports shall be delivered **on or before April 8, 2027**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

23. All responding/rebuttal expert reports shall be delivered **on or before May 8, 2027.**

24. Expert discovery, including the depositions of any expert witnesses, shall be completed **on or before June 8, 2027**.

25. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VIII. FINAL PRETRIAL CONFERENCE

26. A final pretrial conference shall be conducted pursuant to Civil Rule 16(e) on **[TBD].**

27. All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court, and, if a trial date has been scheduled, the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

28. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs, and any hypothetical questions to be put to an expert witness on direct examination.

29. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

30. **Failure to appear at a Scheduling Conference, failure to prepare substantially or participate in a Conference, or failure to obey this Order or any Scheduling or other Pretrial Order may result in the issuance of appropriate sanctions pursuant to Federal Rules of Civil Procedure 16(f).**

***/s/ Jessica S. Allen***
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Evelyn Padin, U.S.D.J.